UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 03-0252 |
| MICHAEL DILLON | SECTION "F" |

ORDER AND REASONS

Before the Court is Michael Dillon's motion to reduce sentence. For the reasons that follow, the motion is DENIED.

**Background**

After Michael Dillon pled guilty to two drug offenses and acknowledged having a prior felony drug conviction, he was sentenced to serve concurrent terms of 300 months' imprisonment on each count.[1]

Dillon moved to reduce his sentence under 18 U.S.C. § 3582(c)(2). The Court's screening committee determined that Amendment 782 had reduced Dillon's applicable guideline range, and that Dillon was eligible for consideration of a sentencing

---

[1] Judge Engelhardt was the sentencing judge.

1

reduction. Judge Engelhardt denied Dillon's request for a sentence reduction, finding that "the sentence imposed was fair and reasonable." Finding no abuse of discretion, the Fifth Circuit affirmed:

> The record reflects that the district court implicitly determined that Dillon was eligible for a sentence reduction. The record also reflects that the district court considered the materials that had been presented to it, including Dillon's arguments that a sentence reduction was warranted in light of the applicable § 3553(a) sentencing factors and his positive record of post-conviction conduct.
>
> The district court correctly conducted the applicable two-step inquiry. Dillon's disagreement with the court's denial of his motion fails to demonstrate an abuse of discretion.

United States v. Dillon, Fed.Appx. 292, 292 (5th Cir. 2017).

For a second time, Dillon now seeks a reduction in his sentence under Amendment 782 and § 3582(c)(2).[2]

I.

The law of the case doctrine "applies to a single proceeding, and operates to foreclose re-examination of decided issues either on remand or on a subsequent appeal." United States v. Calton, 900 F.3d 706, 714 (5th Cir. 2018)(citation and quotation marks omitted).[3] This discretionary doctrine "is essential to the

---

[2] This matter has since been re-allotted to this Section of Court.
[3] The Court indisputably has jurisdiction to consider Dillon's motion. See id. at 711 (holding, as a matter of first impression,

2

orderly administration of justice." United States v. Matthews, 312 F.3d 652, 657 (5th Cir. 2002). "Without this doctrine, cases would end only when obstinate litigants tire of re-asserting the same arguments over and over again[,] in the hopes of obtaining a more sympathetic panel[.]" Id. (citation omitted). Consistent with its discretionary nature, there are three exceptions to its application: "(1) The evidence at a subsequent trial is substantially different; (2) there has been an intervening change of law by a controlling authority; and (3) the earlier decision is clearly erroneous and would work a manifest injustice." Id. (citation omitted).

Dillon seeks the same relief he previously sought; relief that was denied. He continues to disagree with the disposition of his prior motion, insisting that he is eligible for a sentence reduction. But his *eligibility* for a sentencing reduction has not been disputed. Dillon, 707 Fed.Appx. at 292 (noting that the district court had already "implicitly determined" that Dillon was eligible for a sentence reduction). The government submits that Dillon's claim concerning Amendment 782 should not be considered because the district court already denied such relief and the Fifth Circuit affirmed. The Court agrees.

---

that district courts have jurisdiction to consider successive § 3582(c)(2) motions).

That the district court did not abuse its discretion in denying a sentence reduction is the law of this case. See id. Dillon's motion seeking discretionary relief has previously been resolved against him; that result was affirmed on appeal. And, none of the exceptions to the discretionary law of the case doctrine apply here. For these reasons, the Court declines to reconsider what has been decided.

To avoid this result, Dillon invokes United States v. Calton, 900 F.3d 706, 714 (5th Cir. 2018). There, the Fifth Circuit held that the law of the case doctrine did not apply to the successive § 3582 motion Calton urged "because we have not previously decided whether Carlton is eligible for a sentence reduction pursuant to Amendment 782." Id.[4] Calton is distinguishable. Here, the Fifth Circuit observed that the district court "implicitly determined" that Dillon was eligible for a sentence reduction; it simply declined to grant one. Dillon, 707 Fed.Appx. at 292. That result was affirmed. Id. (determining that the district court did not abuse its discretion in declining to grant Dillon a sentence reduction). Dillon's disagreement with the result is not

---

[4] The Fifth Circuit had never addressed the merits of the original § 3582 motion because it had dismissed Calton's initial appeal as untimely. Id.

sufficient to overcome the law of the case doctrine in order for this Court to rehear what has been decided.

Accordingly, IT IS ORDERED: that the motion to reduce sentence is hereby DENIED.

New Orleans, Louisiana, August 12th, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE