UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 03-252 |
| MICHAEL DILLON | SECTION "F" |

ORDER AND REASONS

Before the Court is the defendant's *pro se* motion for compassionate release based on concerns arising from the COVID-19 pandemic. For the reasons that follow, the motion is DENIED without prejudice.

**Background**

Michael Dillon is serving a 300-month term of imprisonment, imposed by Judge Engelhardt in February 2005 following Dillon's plea of guilty to drug charges. He is housed at FCI Beaumont Low, with a projected release date of December 16, 2024. He now seeks compassionate release or to be placed on home confinement for the duration of his prison term.

I.

Congress prescribes certain prerequisites to district court consideration of motions for compassionate release. Title 18 U.S.C. § 3582(c)(1)(A) provides:

1

> (c) Modification of an imposed term of imprisonment.-- The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portions if the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided in section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

These prerequisites, the government submits, have not yet been met. The Court agrees.

Dillon has not satisfied the exhaustion requirement. He contends that he exhausted his Bureau of Prisons request for compassionate release because the FCI Beaumont Low-Warden received a letter from a fellow inmate seeking compassionate release on

March 1, 2020 and, given the Warden's failure to respond within 30 days, this Court has jurisdiction to consider Dillon's motion for a sentence reduction.  The government counters that the statute and BOP policy forbid exhaustion-by-proxy; one inmate may not file requests on behalf of other inmates.[1]  Thus, the government submits, Dillon did not exhaust his administrative remedies.  The Court agrees.  There is nothing in the record to indicate that Dillon himself has contacted the Warden requesting a compassionate release reduction-in-sentence.[2]  Because the Warden has not received a request from Dillon seeking a sentence reduction, he fails to satisfy the exhaustion requirement set forth in 18 U.S.C. § 3582(c)(1)(A); see also, e.g., United States v. Raia, 954 F.3d 594, 596-97 (3d Cir. 2020)(where the defendant had asked the BOP to move for compassionate release on his behalf, but he failed to allow it 30 days to respond, the motion for compassionate release must be denied: the Act's exhaustion requirement "presents a glaring roadblock foreclosing compassionate release at this point"); see also United States v. Brass, No. 14-CR-216, 2020 WL

---

[1] Rather, at most, the government submits, BOP regulations allow family members to request on an inmate's behalf if the inmate is unable to submit a request.

[2] The government notes that BOP advised that Dillon emailed the Warden on April 8, 2020 to request home confinement; however, he did not request that the Warden recommend a sentence reduction as required by 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239.  The requests are distinct.

2043884, at *1 (W.D. La. Apr. 28, 2020)(finding exhaustion requirement was not met in a case in which the inmate-petitioner attempted to rely on a letter presented to the warden by another inmate because "[t]he statute specifically states that the 'defendant' must exhaust, not that someone may exhaust on his behalf. As Brass did not seek relief from Warden Garrido himself, his claim is not exhausted and cannot be considered by this Court.").

Accordingly, IT IS ORDERED: that the defendant's motion seeking compassionate release is DENIED without prejudice for failure to exhaust administrative remedies within the Bureau of Prisons.[3]

New Orleans, Louisiana, May 28, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] Insofar as the defendant requests that the Court order BOP to transfer him to home confinement, the government argues that the Court lacks authority to do so. The Court agrees. See 18 U.S.C. § 3621(b)(BOP is authorized to designate placement but will consider sentencing court's recommendation); see also § 3582(c)(limiting the Court's authority to modify or reduce a sentence). Whether Dillon should be moved to home confinement is BOP's prerogative; the Attorney General's March 26 and April 3, 2020 memoranda provide pandemic guidance to BOP, which undertakes a screening process to determine whether home confinement is warranted under all the relevant circumstances. As it must, the Court defers to the BOP administrative process concerning requests for home confinement due to COVID-19 concerns.