UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

v.                                          NO. 03-252

MICHAEL DILLON                              SECTION "F"

ORDER AND REASONS

Before the Court is the defendant's *pro se* motion for reconsideration of this Court's May 28, 2020 Order and Reasons dismissing without prejudice his request for compassionate release based on concerns arising from the COVID-19 pandemic. Construing the motion as a second request for compassionate release, for the reasons that follow, the motion is DENIED.

**Background**

Michael Dillon is serving a 300-month term of imprisonment, imposed by Judge Engelhardt in February 2005 following Dillon's plea of guilty to drug charges. He is housed at FCI Beaumont Low, with a projected release date of December 16, 2024. He previously filed a motion seeking compassionate release or to be placed on home confinement for the duration of his prison term. On May 28, 2020, the Court denied without prejudice his motion for failure to exhaust administrative remedies with the Bureau of Prisons; the Court also observed that it lacked the authority to order BOP to

1

place him on home confinement.  Having exhausted his administrative remedies, Dillon again requests compassionate release or home confinement.

I.

*A.*

As a threshold matter, Dillon satisfied the exhaustion requirement for compassionate release.  It is undisputed that Dillon lodged a request for a sentence reduction with the Warden on June 1, 2020 and BOP failed to respond.  Because 30 days have lapsed from the date of that request, with no response, the mandatory claims-processing exhaustion requirement of the compassionate release statute is satisfied.  Accordingly, the Court turns to consider the merits of Dillon's request for a sentence reduction or compassionate release.

*B.*

Dillon moves for a sentence reduction under 18 U.S.C. § 3582(c).[1]  He fails to show that he is eligible for one.

---

[1] The First Step Act of 2018 amended 18 U.S.C. § 3582(c) to allow prisoners to move for compassionate release on their own behalf.  See PUB. L. NO. 115-391, 132 STAT. 5239. Before the amendment, only the Director of the Bureau of Prisoners could move for compassionate release.

Courts generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Since passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), however, federal courts "may reduce the term of imprisonment" upon request by an inmate. §3582(c)(1)(A); see also United States v. Chambliss, 948 F.3d 691, 692-93 (5th Cir. 2020)(As amended, § 3582(c) provides that the Court "on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'"). The reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

Section 3582(c)(1) is straightforward. The Court may reduce Dillon's prison term only if (1) "extraordinary and compelling reasons warrant" a reduction; and (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).[2] In making this assessment, the Court is obliged to "consider[] the factors set forth in section 3553(a) to the extent that they are applicable."

_____

[2] Dillon is ineligible for relief under subsection (ii) because he is not "at least 70 years of age," and he has not "served at least 30 years in prison[.]" 18 U.S.C. § 3582(c)(1)(A)(ii).

Id.  Dillon has the burden to show that a sentence reduction is warranted.  See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016).  He fails to satisfy his burden.

Dillon suffers from hypertension, which is managed with medication.  He contends that cases of COVID-19 within the facility he is housed have risen sharply and he fears that his medical condition places him in unique danger.  These circumstances, he submits, are extraordinary and compelling under the statute.  The government counters that no extraordinary or compelling reasons justify reducing Dillon's sentence.  On this record, the Court agrees.

The first § 3582(c)(1) standard -- extraordinary and compelling reasons -- is not met.  Dillon contends that he is African American and that his hypertension puts him at greater risk of developing a severe illness from COVID-19.  The government counters that Dillon's hypertension, standing alone, falls short of qualifying as an "extraordinary and compelling reason[]" for a sentence reduction. 18 U.S.C. § 3582(c)(1)(A).  The Court agrees.

The Sentencing Commission's policy statement defines "extraordinary and compelling reasons" to include -- in addition to age (starting at 65) and certain family circumstances -- certain

4

specified categories of medical conditions.   U.S.S.G. § 1B1.13,

cmt. n.1.[3]   Relevant here, the application notes provide:

> (A) Medical Condition of the Defendant.
>
> (i) The defendant is suffering from a terminal
> illness[.]   Examples include metastatic solid-tumor
> cancer, amytrophic lateral sclerosis (ALS), end-stage
> organ disease, and advanced dementia.
>
> (ii) The defendant is
>
> (I) suffering from a serious physical or
> medical condition,
>
> (II) suffering from a serious functional or
> cognitive impairment, or
>
> (III) experiencing deteriorating physical or
> mental health because of the aging process,
>
> That substantially diminishes the ability of the
> defendant to provide self-care within the environment of
> a correctional facility and from which he or she is not
> expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A).


The record shows that Dillon's hypertension is managed by

medication.   There is no evidence that the Bureau of Prisons is

mismanaging the treatment of this condition.   Dillon's

hypertension does not (as the Guidelines require) place him on an

"end of life" trajectory; nor has he shown that it amounts to a

---

[3] In addition to the three discrete extraordinary and compelling
reasons that could warrant a reduction (medical condition, age,
and family circumstances), the Guidelines also provide for a catch-
all -- "Other Reasons" -- but those are directed to and determined
by the Bureau of Prisons.  Id.

serious medical condition that "substantially diminishes" his
ability to care for himself within the prison.  See, e.g., United
States v. Okpalobi, No. 13-101, 2020 WL 3429939, at *3 (E.D. La.
June 23, 2020)(Vance, J.)(finding under the circumstances that the
petitioner's asthma and hypertension were health conditions that
fell short of meeting the extraordinary and compelling reasons
standard in the Sentencing Guidelines), appeal filed 7/10/20; see
also United States v. Chambers, No. 18-47, 2020 WL 4260445, at *3
(E.D.  La.  July  24,  2020)(Africk,  J.)(collecting  cases)
(hypertension does not amount to an extraordinary or compelling
reason for compassionate release).  Dillon has not shown how his
condition hinders his ability to care for himself in prison; in
fact, Dillon offers evidence that he is provided medication to
treat his health condition.  Dillon fails to show the Court how
his hypertension, which is being managed by medication, meets the
extraordinary and compelling reasons standard set forth in the
Sentencing Guidelines.

    That Dillon has not provided evidence triggering the level of
health concern necessary for early release in no way downplays
Dillon's health condition or his generalized fear surrounding the
threat of the COVID-19 pandemic and the number of positive cases
indicated in his facility.  Simply put, the circumstances fail to
justify release.  See, e.g., United States v. Raia, 954 F.3d 594,

597 (3d Cir. 2020); see also Chambers, 2020 WL 4260445, at *3-4;

Okpalobi, 2020 WL 3429939, at *2-3; United States v. Marco Perez-

Serrano, No. 13-2, 2020 WL 2754914, at *2 (S.D. Miss. May 27,

2020).  That this pandemic endures remains a stark reality for all

incarcerated persons and many others in the community more

generally.  The record demonstrates that BOP continues to take

measures to curb the spread of the virus and to limit inmates'

risk of contracting it.  In this regard and on this record, the

persistence of COVID-19 as a generalized concern cannot be

considered an extraordinary circumstance warranting sentence

modifications for all incarcerated persons with specified medical

conditions.[4]

---

[4] The Court is mindful that individuals with certain health
conditions, including hypertension, may be more vulnerable to
adverse health effects if they contract COVID-19.  To be sure, the
Centers for Disease Control and Prevention advises that people
with certain conditions, such as chronic obstructive pulmonary
disease or serious heart conditions, are at an increased risk of
severe illness from COVID-19, and further cautions that people
with certain other conditions, including hypertension, *might be* at
an increased risk for severe illness from COVID-19.  Thus, COVID-
19 is relevant to the compassionate-release analysis.  However,
there is no magic formula to achieve compassionate release: one
does not "qualify" for release during a pandemic by invoking a
particular listed health condition.  The pandemic and the nature
of the defendant's particular health condition and circumstances
are part of the extraordinary and compelling circumstance
statutory calculus guiding this Court's discretion in determining
eligibility for a sentence modification.

The Court does not reach the second § 3582(c)(1) finding or consideration of the § 3553(a) factors (which are also contested) because Dillon has not shown "extraordinary and compelling reasons" warrant a sentence reduction.

***

Accordingly, IT IS ORDERED: that the defendant's *pro se* motion seeking compassionate release is DENIED, and any renewed request to be placed on home confinement is DENIED.[5]

New Orleans, Louisiana, September 17, 2020

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[5] Dillon submits that he does not request that the Court place him on home confinement, but, rather, that the Court should reduce his sentence and add the remaining months to his term of supervised release. The Court has determined that Dillon has not carried his burden to justify a sentence reduction or compassionate release under the applicable statute. Having failed to demonstrate relief under the statute, the Court has no authority to offer Dillon's requested relief of home confinement. The Court reminds Dillon that it lacks authority to simply order that Dillon serve the remainder of his custodial sentence on home confinement. See 18 U.S.C. § 3621(b)(BOP is authorized to designate placement but will consider sentencing court's recommendation); see also § 3582(c)(limiting the Court's authority to modify or reduce a sentence). Whether Dillon should be moved to home confinement is BOP's prerogative; the Attorney General has provided pandemic guidance to BOP, which undertakes a screening process to determine whether home confinement is warranted under all the relevant circumstances. As it must, the Court defers to the BOP administrative process concerning requests for home confinement due to COVID-19 concerns.