UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 03-252 |
| MICHAEL DILLON | SECTION "F" |

ORDER AND REASONS

The law of the case doctrine "is essential to the orderly administration of justice," for without it, "cases would end only when obstinate litigants tire of re-asserting the same arguments over and over again." United States v. Matthews, 312 F.3d 652, 657 (5th Cir. 2002). The doctrine's application in this case is textbook.

Continuing "to disagree with the disposition of his prior motion[s]" and re-"insisting that he is eligible for a sentence reduction" under Amendment 782 and 18 U.S.C. § 3582(c)(2), the defendant Michael Dillon moves for reconsideration of two similar motions for sentence reduction that were previously denied. See United States v. Dillon, 2019 WL 3779513, at *1 (E.D. La. Aug. 12, 2019). Now for a second time, he "seeks the same relief he previously sought; relief that was denied" by then-District Judge Engelhardt, by the Fifth Circuit on appeal, and by this Court again. See id.; see also United States v. Dillon, 707 F. App'x 292 (5th Cir. 2017).

But while the defendant's desire to pursue a sentence reduction is understandable, Judge Engelhardt's affirmed decision on the defendant's *initial* motion for Amendment 782-based sentence reduction set forth "the law of the case" in that regard, and this Court must assign that legal application dispositive weight in the absence of clear error that would work a manifest injustice, new evidence that is substantially different, or an intervening change in controlling law.  Matthews, 312 F.3d at 657.  Because neither such exception applies here, the Court again "declines to reconsider what has [already] been decided" – namely, that although the defendant is *eligible* for a sentence reduction, the facts of his case do not warrant one.[1]  See Dillon, 2019 WL 3779513, at *2.

\*   \*   \*

Accordingly, IT IS ORDERED: that the defendant's motion for reconsideration is DENIED.

In a similar vein, and for largely the same reasons, the defendant's motion to alter or amend the Court's September 17, 2020 denial of his motion for compassionate release is DENIED.

New Orleans, Louisiana, June 30, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[1] In pleading guilty, the defendant admitted to being the kingpin of a conspiracy to distribute between 50 and 150 kilograms of cocaine in the New Orleans area.

2